STATE OF MISSOURI, Defendant in Error, *vs.* THEODORE S. CASE, Plaintiff in Error.

1. *Insurance companies—Action by superintendent—Statement by company— Averment as to penalty—Insurance Act, § 43.*—In proceedings brought at the instance of the superintendent of insurance, against a fire and marine insurance company, for violating § 23, Art. III, of the insurance law, (W. S. 769,) where the petition uses the language of the statute in describing the statement required to be filed, and charges that said statement was not made and filed " as required by the law," such averment does not render the petition bad on motion in arrest. It is not incumbent on plaintiff to show what the statement is required to contain. The requirements of that statute will be judicially noticed.

For failure to comply with § 23, plaintiff is entitled to the penalty of $500 named in § 43. (State vs. Matthews, 44 Mo., 523.)

*Error to the Jackson Circuit Court.*

*Lay & Belch, with Brown & Case,* for Plaintiff in Error.

I. The petition is vague and too indefinite to support a judgment for the violation of a penal statute. It does not clearly state the act complained of, whether there was an entire failure to file a statement, or whether an imperfect statement was filed, which was treated as no statement.

II. Section 43 is so ambiguous and confused, and made to affect so many acts or omissions, that it should not be enforced. (State vs. Boon, 1 Taylor, 246; Cheezen vs. State, 2 Cart., Ind., 149; 27 Ala., 35; Sullivan vs. Adams, 3 Gray, 476; Bl. Comm. 91; Dwar. Stat., 2nd. Ed., 587; 8 Pick., 370; Henry vs. Tilston, 17 Vt., 479; Comm. vs. Slack, 19 Pick., 304; U. S. vs. Fisher, 2 Cranch, 358, 386.)

III. The language of section 43 is conclusive, that the omission to comply with section 23, was not intended to subject the officer to the penalty. "Violation" means an act done, not an omission to act or to do. (2 Bouv. L. Dic., 629.)

IV. Section 43 was not intended to apply to this case. The object of this section, as stated in the case of State vs. Matthews, (44 Mo., 523,) is to give information to a public officer —the superintendent. The legislature having empowered him to obtain this information in manner pointed out in section 13, it was hardly intended to convert him into a common informer, and allow him to proceed in a *qui-tam* action.

*H. Clay Ewing, Attorney General,* for Defendant in Error.

Vories, Judge, delivered the opinion of the court.

This action was brought under the 43rd section of the 3rd article of the act to create an insurance department, to recover a penalty for the violation of the 23rd section of said article.

The action was commenced by the circuit attorney of Jackson County, in the name of the State of Missouri, the State suing as well for herself, as for Wyllys King, as informer. The complainant states, that "The Kansas City Fire & Marine Insurance Company, on March 1st, 1869,was, and ever since has been, and now is an existing Insurance Company formed, organized and incorporated under and according to the provisions of chapter number sixty-seven of the General Statutes of the State of Missouri ; that the said Kansas City Fire and Marine Insurance Company was so incorporated to do a Fire and Marine Insurance business, that is to say Insurance business other than life assurance business, with its principal office located and being situated in the City of Kansas, in the County of Jackson aforesaid ; and on its organization and incorporation as aforesaid, said Kansas City Fire and Marine Insurance Company did commence to do, and ever since has been and still is doing the business of a Fire and Marine Insurance Company, that is to say, an insurance business other than life assurance business, with its principal office located as aforesaid.

On December 1st, 1870, the defendant, Theodore S. Case, was, and ever since has been, and still is, President of the Kansas City Fire and Marine Insurance Company, situated in said county ; that the defendant did not on January 1st, 1871, nor within thirty days thereafter, nor at any time since, prepare under oath, and deposit in the office of the superintendent of the Insurance Department of the State of Missouri, the statement made up for the last fiscal year of said Kansas City Fire and Marine Insurance Company, required by and mentioned in section number twenty-three of an act of the

General Assembly of the State of Missouri, entitled, "an act for the incorporation of insurance companies, other than life assurance companies, and for the regulation of insurance business other than life assurance business," approved March 10th, 1869, in manner and form as is specified in said section No. 23; that the superintendent of the Insurance Department of the State of Missouri, in December, 1870, furnished to the defendant, as president of the said Kansas City Fire and Marine Insurance Company, the blank forms for such statement, but no such statement has since been by any one prepared under oath, and deposited in the office of the Superintendent of the Insurance Department of the State of Missouri; that the defendant did in the year, 1871, violate the said act approved March 10th, 1869, in the manner and form aforesaid, contrary to the form of the statute last mentioned; wherefore and by force of the statute last mentioned, and the forty-third section thereof, the defendant is subject to a penalty of five hundred dollars, for which, the same being due and unpaid, plaintiff demands judgment against defendant, one-half of such penalty, when recovered, to be paid into the treasury of said State, and the other half to said Wyllys King, the informer, &c.

A summons was duly issued on this complaint, and served on the defendant.

At the return term named in the summons, the defendant failed to appear in the time required by law, and an interlocutory judgment was taken against him.

Afterwards on the 53rd day of said term, the plaintiff and defendant both appeared and submitted the case to the court without answer and without setting aside the judgment by default before taken.

The court, after being fully advised in the premises, finds that the allegations in the petition are true, and rendered a judgment against defendant as prayed for in the petition.

The defendant then filed a motion to arrest the judgment, setting forth the following reasons why said judgment should be arrested:

1st. Because the law does not warrant such judgment.

2nd. Because the facts stated in the petition do not authorize such judgment.

3rd. Because said petition does not state facts sufficient to constitute any cause of action against the defendant, and is otherwise defective.

This motion being overruled by the court, the defendant excepted, and brings the case here by writ of error.

The only and simple question presented in this case is, does the petition or complaint state facts sufficient to uphold the judgment after the facts have been found by the court and the judgment rendered?

It is insisted by the plaintiff in error, that the petition is too vague and indefinite to support a judgment; that it does not appear in the complaint, whether there was an entire failure to file the statement required, or whether there was an imperfect statement filed which was treated as no statement at all.

It cannot be seen how this matter could affect the case. If a statement had been filed which was imperfect, and did not comply with the law, then in law it was no statement at all, and would be so treated, and the complaint would properly charge in such case that no statement was filed.

The statute requires, that "it shall be the duty of the president or vice-president and secretary, or a majority of the directors, of every insurance company organized under this act, or the laws of this State, annually, on the first day of January, or within thirty days thereafter, to prepare under oath, and deposit in the office of the superintendent of the insurance department, a statement made up for the last fiscal year of said company, showing, &c."

This statement is required to be prepared under oath, and deposited in the office of the superintendent of the insurance department.

The petition charges, that "defendant did not on the first day of January, 1871, nor within thirty days thereafter, nor at any time since, prepare under oath, and deposit in the office of the superintendent of the insurance department of the

State of Missouri, the statement made up for the last fiscal year of said Kansas City Fire and Marine Insurance Company required by, and mentioned in section 23, of Art. III." This charge is as definite as the statute. It uses just the language of the statute in describing the statement required to be filed, and charges that said statement was not made by defendant, and filed as required by the law, and the petition further states, that no such statement has, since December, 1870, been by any one prepared and deposited in the office, &c. I do not see how the complaint could be more specific or certain. If no such statement was ever made up and filed, it is difficult to see how the matter could be more specific than to say so. The law is referred to with certainty ; it is a public law ; its requirements will be judicially noticed ; so that it is not incumbent on the plaintiff to show what the statement is required to contain. And I cannot see how the defendant could have been mislead by the statement used in the petition. In all such cases the pleadings are cured after verdict or judgment on want of answer, and the judgment will not be arrested. (2 W. S., p. 1036.) But in this case I think the statement of the cause of action is good even before verdict.

The next point made by the plaintiff in error is, that the 43rd section of the 3rd article of the act creating an insurance department, under which this action was brought, provides that every violation of this act, shall subject the party violating to a penalty of $500, &c.

It is contended, that the penalty thus provided does not and cannot apply to the 23rd section, before referred to ; that the language *violate* never applies to acts of omission, but it means to act or to do, or an act done unlawfully.

This construction of the language is much too narrow and confined. We are told by Webster that commands may be violated negatively by non-observance, and it was evidently in this sense that the language was used by the legislature in the section named.

This construction was given to the 43rd section by this

court, in the case of the State of Missouri vs. Matthews, 44 Mo., 523. And we see no reason now to depart from it.

The judgment of the Jackson Circuit Court will be affirmed. Judges Adams and Napton absent. The other Judges concur.