JUDGE LINDSAY
delivered the opinion of the court.
The city of Lexington contracted with McLaughlin & Murphy to construct a cistern on Broadway, between Main and Water streets. While the work was in progress a fragment of stone, thrown from the cistern by a blast, struck and killed G. H. Lewis, the infant son of Margaret Lewis.
She, as administratrix of the deceased, sued the city, and seeks under the provisions of the third section of the act of 1854 to recover punitive damages for the killing of the intestate.
The statute provides “that if the life of any person is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their servant or servants, then the personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid.”
It is averred in the petition that the parties engaged in the prosecution of the work “ acted so recklessly, carelessly, and wantonly, and with such indifference to the rights of others, and especially her son, that one of the stones so thrown up by said blasting with gunpowder was thrown with such force against said lad that he was instantly killed by it.”
It is not charged, ki terms, that the parties were guilty of “willful neglect” in the .blasting of the rock, nor that the killing was the result of “ willful neglect.”
*680 We are not prepared to say that the terms “reckless” and “wanton” may not be so used as to be equivalent to that of “ willful.” This court has defined willful negligence as contemplated by this statute to be such conduct as evidences “ reckless indifference to the safety of the public, or an intentional failure to perform a plain and manifest duty, in the performance of which the public has an interest. (Jacobs’s adm’r v. Louisville & Nashville R. R. Co., 10 Bush, 263.)
It has held that willful and wanton neglect are nearly synonymous, each implying either actual malice or anti-social recklessness. (2 Duvall, 577.)
Appellee does not aver directly that the conduct of the city, or of those for whose conduct she claims that the city is answerable, was either reckless or wanton. She says that it was so reckless, careless, wanton, etc., that a stone was thrown against her son and his life thereby destroyed. The charge of recklessness and wantonness is not so made as to authorize the deduction that the plaintiff meant to charge “willful neglect.” The substance of the charge as made is that the blasting was done with so little care that the fragment of stone was thrown against the boy with sufficient force to destroy his life. All this may have resulted from a very slight want of care and prudence, and we are authorized to conclude that it did, in view of the fact that appellee substitutes for “ willful ” (the term used in the statute) the words “ wanton,” “ reckless,” and careless,” which, taken singly or collectively, are not the equivalent of “willful,” and then qualifies the words so substituted until it is left a matter of doubt as to the idea intended to be conveyed, and until it is perfectly plain that she does not intend they shall receive their ordinary and literal interpretation.
To authorize a recovery under this act it is essential that the loss of life shall have been the result of willful neglect; and as the statute is highly penal in its nature, a petition under *681 it, to be good, must charge the exact character of neglect for which a recovery may be had; and while it is not indispensable that the exact language of the statute shall be used, it is absolutely necessary that the charge shall be made in language clearly importing as high a degree of negligence as that for which the law-making power intended the penalty to be imposed. We regard the petition in this case as failing to come up to the standard indicated. It does not • therefore authorize the judgment appealed from.
Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.