## Sunnyside Coal Co. v. Perry Center.

1. MINES AND MINING—*Contributory Negligence Not a Defense for Willful Failure to Comply with Law.*—Contributory negligence is not a defense to an injury caused by willful failure to comply with the mining law relative to furnishing props.

**Trespass on the Case,** for injuries under the "miners" act. Appeal from the Circuit Court of Williamson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

W. W. BARR, attorney for appellant.

SCHWARTZ, DUNCAN & DENISON, attorneys for appellee.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

Suit for injuries received while working in a coal mine for appellant, from falling rock.

The declaration is in the usual form, charging willful failure, under the statute, to furnish props, etc. Plea of not guilty. Verdict and judgment for plaintiff for $1,500, from which defendant appealed.

An instruction to find the defendant not guilty, asked at the close of the evidence, was properly refused, there being evidence fairly tending to prove the allegations of the declaration.

The argument of counsel for appellant is mainly directed against the verdict on the alleged grounds of insufficiency of evidence to support it.

It would serve no useful purpose to recite in detail and to analyze the evidence. As in cases of this character generally, the testimony in reference to props and caps is conflicting and irreconcilable.

The accident occurred about one o'clock November 30, 1900. Appellee testified:

"I spoke to Golby (the pit boss) in the morning about seven o'clock. We did not get any props. I filled in until one o'clock. At one o'clock Golby came again.

* * * Just as he got to that crooked prop he asked me if it was crooked from weight or was natural. I said 'that is natural, and is that crooked prop I showed you this morning;' and I don't suppose he was gone more than nine minutes before I was hurt. I said to him again, we had no props of that height. He couldn't help but see we needed props. I simply told him we needed props. * * * The driver came in and brought us three props without caps. These props would have been all right but we didn't have time to use them. * * * I don't think we had more than eight or nine minutes after getting the props before I was hurt. The slate was caused to fall for want of props. * * * If we had had props that morning we could have set them up and saved my trouble. The day before I had made the same remark to Golby, that we didn't have any props."

While in the act of setting up one of these props the slate fell. Sneed, appellee's " buddy," corroborates appellee.

The jury evidently believed these witnesses, and if this testimony was true, the verdict was warranted by the evidence.

Witnesses for appellant testified that appellee, after the accident, said that it occurred because the prop was not set properly by his " buddy," and that if he had set it, the accident would not have occurred. Appellee denies making such statements. It was for the jury to say whether or not such statements were made. Even if appellee was negligent and if the accident would not have occurred if the props had been furnished when they asked for them on the 29th and again on the 30th, his negligence would not preclude a recovery if the failure to furnish the props was willful.

Contributory negligence is not a defense to injury caused by willful failure to comply with the law. Catlett v. Young, 143 Ill. 74; The Litchfield Coal Company v. Taylor, 81 Ill. 590; The Bartlett Coal & Mining Co. v. Roach, 68 Ill. 174; The Niantic Coal & Mining Co. v. Leonard, 126 Ill. 217; Girard Coal Co. v. Wiggins, 52 Ill. App. 69; Carterville Coal Co. v. Abbott, 81 Ill. App. 279, and 181 Ill. 495.

It was for the jury to determine whether or not the accident was caused by the failure to furnish props, and if so caused, whether or not such failure was willful.

It is urged that the court erred in refusing appellant's second instruction, which is as follows:

" The court instructs the jury, that if you believe from the evidence in this case that the injury to plaintiff was caused by the ' buddy ' of the plaintiff improperly setting up the prop which fell when the slate did, which struck plaintiff, or that the injury was received by plaintiff while he and his ' buddy ' were attempting to put up, or getting ready to put up, props under the slate that fell on plaintiff, that then the plaintiff's declaration in this case is not sustained, and he can not recover, and your verdict should be for the defendant."

The first part of this instruction states a correct principle of law. The second part does not. The accident might have occurred while appellee and his " buddy " were attempting to put up, or getting ready to put up props, and yet not have occurred if the props had been furnished on the 29th, or on the morning of the 30th, instead of at one o'clock of that day. It does not follow that if the slate fell at one o'clock, on the 30th, while they were putting up props, that it would have fallen on the 29th or the morning of the 30th, while they were putting up props. The tendency of the slate to fall might increase, and probably did increase, with the length of time that it was left unpropped.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.