## Maplewood Coal Company v. Andrew Graham.

CONTRIBUTORY NEGLIGENCE—*when not defense.* Contributory negligence is no defense to an action brought under the Mines and Miners Act to recover damages for personal injuries resulting from a wilful violation of such act.

Action in case for personal injuries. Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

MASTERS & MASTERS, for appellant.

O. J. BOYER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for a personal injury

occasioned by an explosion alleged to have been caused through the failure of appellant to have the roadways in the mine regularly and thoroughly sprayed, sprinkled and cleaned. A trial by jury in the Circuit Court of Fulton county resulted in a verdict and judgment against appellant for $200.

On January 5, 1906, at four o'clock P. M., appellee accompanied by Henry McGee, in the line of their duty as shotfirers, entered the coal mine of appellant for the purpose of firing 350 or 400 shots, which they had inspected earlier in the day. Having fired a large number of shots in the rooms in several entries, they proceeded to the second north entry for the purpose of firing fifteen shots in room Nos. 2, 3, 4, 6 and 7 in that entry. They commenced firing in room No. 7, being the north room, and thence proceeded south firing shots in each of room Nos. 6, 4, 3 and 2 in the order named. After firing the shots in room No. 2, they proceeded south toward the main east entry a distance of 40 feet, when the explosion occurred which caused the injury complained of. It is not controverted that appellee was injured as the result of an explosion, but it is insisted that the explosion was caused solely by the accumulation of smoke and gases occasioned by the improper manner in which shots were fired; that dust, of itself, cannot produce an explosion; that the mine was wet and free from dust, and it was, therefore, impossible that dust particles could have aggravated the explosion, as alleged in the declaration.

It would serve no useful purpose to review in detail the testimony of the large number of witnesses, called on behalf of the respective parties to affirm and deny the presence of dust in the mine, and the failure of appellant to have the roadways sprinkled and cleaned. Suffice it to say that the evidence upon that issue was so close and conflicting as to render the verdict of the jury thereon conclusive in this court. It may be doubted, from the evidence in the case, whether

the particles of dust which accummulate in a coal mine
are capable, independently, of producing such an ex-
plosion as occasioned the injury to appellee, but it is
admitted by all of the witnesses for appellant that such
particles of dust will aggravate an explosion caused
by smoke and gases in a coal mine coming in contact
with the flame from shots, and we are of opinion that
the jury were justified in finding that the explosion in
question was aggravated by the presence of such dust,
and that the presence of such dust was the proximate
cause of the injury. Manifestly, the legislature con-
ceived the presence of dust in a coal mine as liable
to produce injurious results in explosions, when it
enacted paragraph g of section 20 of the Mines and
Miners Act, which reads as follows: "In case the
galleries, roadways or entries of any mine are so dry
that the air becomes charged with dust, the operator
of such mine must have such roadways regularly and
thoroughly sprayed, sprinkled, or cleaned, and it shall
be the duty of the inspector to see that all possible
precautions are taken against the occurrence of ex-
plosions which may be occasioned or aggravated by
the presence of dust."

It may be that appellee did not follow the most ap-
proved method of firing the shots, by firing in the same
direction in which the current of air was carried,
rather than in a direction against the current of air,
but it cannot be contended with any force, that in so
doing appellee was guilty of contributory negligence
barring a recovery. Contributory negligence by a
party injured is no defense to an action based upon
the wilful failure of a mine operator to observe the
requirements of the statute. Kellyville Coal Co. v.
Strine, 217 Ill. 516. And the fact that the method of
firing adopted by appellee had a tendency to cause a
greater accumulation of gas and smoke at the mouth
of the entry does not excuse appellant from the per-
formance of its statutory duty with reference to
sprinkling or cleaning its roadway, or absolve it from

liability for an injury resulting from an explosion aggravated by the presence of dust in the mine.

It is insisted that the court erred in permitting the witness Thomas Back, the county mine inspector, to testify on rebuttal as to the dusty condition of the second north entry on December 11, 1905. Several witnesses introduced on behalf of appellant testified that the mine was naturally what is called a "damp mine," and that the second north entry had a "bleeding" or "seeping" roof. In view of this evidence, which related to a permanent condition of the mine, we are of opinion that the testimony of the witness Back tending to show that the second north entry was dry and dusty on December 11, 1905, was competent, and that the objection of appellant that it related to a time too remote, was properly overruled.

We see no serious objection to the evidence introduced on behalf of appellee tending to show that the entire mine was dry and dusty. Proof of the condition of the mine as a whole necessarily related to the condition of its several parts.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*