### Ira Moore, Appellee, v. Centralia Coal Company, Appellant.

1. INSTRUCTIONS—*what essential to propriety of giving peremptory.* A peremptory instruction should not be given unless there is no evidence tending to establish the material allegations of the plaintiff's declaration.

2. MINES AND MINERS ACT—*what failure to keep clear "places of refuge."* Held, that the evidence in this case tended to establish a wilful violation of the Mines and Miners Act in failing to keep "places of refuge" clear of obstructions.

3. MINES AND MINERS ACT—*when instruction upon subject of negligence in action under, erroneous.* In an action under the Mines

and Miners Act, charging wilful violation, an instruction upon the subject of negligence purely, is erroneous.

4. MINES AND MINERS ACT—*what not defense to action under.* In an action under the Mines and Miners Act, the doctrines of fellow-servant, assumed risk, and contributory negligence, respectively, have no application, and do not constitute defenses thereto.

Action in case for personal injuries. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed March 18, 1908.

FRANK F. NOLEMAN and W. F. BUNDY, for appellant.

J. J. BUNDY and CHARLES H. HOLT, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In this action Ira Moore, the appellee, brought suit against the Centralia Coal Company, the appellant, to recover damages for personal injuries received while at work in the coal mine of appellant. The case was tried upon the fifth and sixth counts of the declaration, in each of which it is alleged, as the cause of action, that defendant wilfully violated the statute known as the Mines and Miners Act, and thereby caused the plaintiff's injury. The statutory provisions invoked by appellee are as follows:

"On all hauling roads or gangways on which the hauling is done by draft animals, or gangways wherever men have to pass to and from their work, places of refuge must be cut in the sidewalls at least two and a half feet deep, and not more than twenty yards apart; but such places shall not be required in entries from which rooms are driven at regular intervals not exceeding twenty yards, and whenever there is a clear space two and one-half feet between the car and the rib, such space shall be deemed sufficient for the safe passage of men. And all places of refuge must be kept clear of obstructions and no material should be stored nor be allowed to accumulate therein." Rev. Stat. chapter 93, section 21, clause (b).

"No one shall be allowed to remain in any part of the mine through which gas is being carried into the ventilating current, nor to enter the mine to work therein, except under the direction of the mine manager, until all conditions shall have been made safe." Section 18, clause (b).

"For any injury to person or property occasioned by any wilful violation of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby." Section 33.

The appellant is charged with wilful failure to provide places of refuge and keep the same clear of obstructions according to the requirements of the statute, and also with wilfully and contrary to the statute permitting appellee to work in the mine while the same was in an unsafe condition.

The plea was the general issue. It appears in evidence that appellee was employed by appellant and at the time of his injury was driving a mule in hauling cars in and along what is known as the eleventh south entry of the mine. In this mine there is an entry leading west from the shaft, off of which, to the south, lead other entries, called south entries, and numbered in order from east to west. From the mouth of the shaft, through the west entry, and down the eleventh south entry to what is called the "old parting," there was an electric motor line upon which cars were run from the "old parting" to the shaft. For sometime the appellant had been at work extending the motor line down the eleventh south entry, beyond the old parting, to what is called the new parting, a distance of 1,156 feet. From the end of the motor line at the old parting there was a track leading on south over which cars were hauled by mules from the working places of miners in the rooms to the end of the motor line. This new track when completed was to be used as an extension of the motor line. In reconstructing the entry for the new motor line, it was necessary to excavate the bottom

of the entry in order to lower the track and reduce the grade, which inclined south from the old parting to the top of the hill near the new parting. This excavation was greater near the top of the hill, being there about two feet deep. The track was laid within fourteen inches of the west rib, so that there was no space for passageway between the track and the west rib. The space between the track and rib on the east side of the entry was about three feet. At the point where the new parting was to be constructed miners were enlarging the entry by taking out the coal on the east side. Two cars had been loaded and to these had been coupled two empty trucks to be taken to the old parting. The mule was hitched to the front end of the loaded cars. The appellee was driving. Two other employes were riding on the empty trucks and appellee was riding on a seat which hung on the left side of the front loaded car. When they reached the top of the hill herein referred to as the spragging point, the cars were spragged by appellee and one of the men riding on the truck. After they started down the sprags came out, from what cause does not clearly appear, and the cars ran with increasing speed down the incline to the old parting where they left the track and came to a stop in a general mix-up. The appellee was badly injured. The jury returned a verdict in favor of appellee and assessed his damages at $4,000. A motion for new trial was made and overruled, and judgment rendered on the verdict, from which defendant appealed.

It is contended by appellant that the court erred in refusing to instruct the jury to find for the defendant. To justify the ruling of the trial court on the motion for a peremptory instruction we have only to examine the record to see whether or not there was evidence tending to prove that the space betwen the track and east rib of the eleventh south entry from the old parting to and beyond the spragging point was so filled and piled with dirt from the excavation, ties, rails and other

debris and unused material, that places of refuge within the spirit and meaning of the statute were entirely wanting. With such accumulation and obstruction, of which there is evidence, there could not have been a "clear space of two and a half feet between the car and the rib," a condition under which the appellant was not bound to cut places of refuge in the wall of the entry. And whether the abandoned rooms opening on the east side were such as to exempt the appellant under the statute, and whether or not the openings to the rooms as places of refuge were kept clear of obstructions as required by law, were questions of fact concerning which there was a sharp conflict of testimony, and necessarily to be submitted to the jury. But it is insisted by appellant that there is no evidence to prove that the injury complained of was caused as alleged in the declaration, viz.: by appellant's wilful violation of the statute. On the contrary it is urged that the injury was caused by mismanagement of the cars, the failure properly to sprag the wheels, the loss of control which must be taken as the immediate proximate cause in nowise connected with the failure to provide places of refuge. We are inclined to the opinion that "places of refuge" to be kept clear of obstructions, include, not only the "cut in the sidewall," but where conditions are such that a cut is not required, that is, where "there is a clear space of two and one-half feet," such space must be regarded as a place of refuge, and a failure to keep the same clear of obstructions would violate the statute. It is undisputed that the space between the rib and track was legally sufficient if clear of obstruction. It is then the question in this case, whether the court may say, as a matter of law, that appellee could not and would not have saved himself by stepping from the running cars before they reached the foot of the incline. Does it so clearly appear that all reasonable minds would agree, that the failure of appellant to keep clear the passage-way on the east side of the entry, had nothing to do with ap-

pellee's injury, and was not in any degree the proxi-
mate cause of his injury. We do not so conclude and
therefore hold that the peremptory instruction was
properly refused. There is no evidence tending to
prove liability under the allegation that the defendant
wilfully neglected and failed to prevent the plaintiff
from entering the mine within the requirements of sec-
tion 18 of the statute.

The plaintiff requested and the court gave the fol-
lowing instruction:

"The court instructs the jury that if you believe
from the preponderance of the evidence in this case
that the defendant was guilty of the negligence charged
in the plaintiff's declaration, or either count thereof,
and if you further believe from the evidence that the
plaintiff, while in the employ of the defendant in the
line of his duty, was injured by reason of such negli-
gence of the defendant, in the manner and form as
charged in the declaration, if you believe from the evi-
dence that he was injured, then you should find the
defendant guilty."

This instruction is erroneous and was highly prej-
udicial. There was no issue of negligence under the
pleading. Both counts upon which the case was tried
charge a wilful violation of the statute. Under that
averment it was necessary to prove that the defendant
wilfully failed to comply with the statute and that the
injury complained of was the direct result of such fail-
ure. Appellee's contention that the charge of wilful-
ness and negligence are combined in the declaration
will not avail against the objection to this instruction.
If relying upon negligence to justify recovery, the in-
struction lacks the material element of due care on the
part of the plaintiff, and for that reason would be
fatally defective. If the declaration could be con-
strued as a charge of wantonness and wilfulness, in
common law form, whereby the plaintiff was injured,
we would be constrained to hold that there is no evi-
dence to warrant the instruction. There is a wide
difference in the evidence required to sustain an

Moore v. Centralia Coal Co.

action for wilful injury at common law, and that which is sufficient to prove liability for wilful violation of the statute. In the one case an evil intent must be shown and it must appear that the injury was purposely inflicted, or, what the law holds to be the equivalent of an evil intent, that the act of the defendant was in such reckless disregard of certain injurious consequences that wilfulness will be imputed. On the other hand when the action is founded upon the wilful violation of the statute, it is only necessary to prove that the defendant consciously or knowingly did or omitted what the law requires, and inasmuch as he is bound to know the law, he will not be heard to say that he could not foresee and did not intend injury. The policy of the law forbids that one may disregard the requirements of the statute and thereafter be excused from the consequence of violation, merely because such consequence was not intended. There is no question of negligence in either case. Wilfulness and negligence are the opposites of each other, the one signifying intention or purpose, the other its absence. Springfield Coal Mining Company v. Grogan, 53 App. 60. In the allegation of wilful negligence, the qualifying word has no legal significance. It was error to give this instruction. Consolidated Coal Co. v. Stein, 122 App. 310. We find no substantial error in refusing instructions asked by appellant. The doctrine of fellow-servants, assumed risk and contributory negligence has no application under the issues in this case.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*