PRINCETON COAL MINING COMPANY v. LAWRENCE.

[No. 21,829. Filed June 7, 1911. Rehearing denied November 17, 1911.]

1. MASTER AND SERVANT.—*Statutory Cause of Action.—Complaint.* —A complaint for a statutory cause of action must clearly bring the plaintiff within the terms of the statute. p. 472.

2. DEATH.—*Actions for Causing of.*—Unless expressly authorized by a statute no civil action can be maintained for causing the death of a person. p. 472.

3. DEATH.—*Action for Causing.—Parties.*—The general statute (§285 Burns 1908, Acts 1899 p. 405) giving to the personal representative of a decedent whose death was caused by wrongful act a right of action for such death must be followed unless the facts averred show that some specific statute controls. p. 473.

4. DEATH.—*Parties to Actions for.—Coal Mines.—Statutes.*—Section 8597 Burns 1908, Acts 1907 p. 253, giving to the widow and others a right of action for the death of the husband, caused by the negligence or wilfulness of operators of coal mines, was not repealed by the coal mining act of 1907 (Acts 1907 p. 347, §8602 *et seq.* Burns 1908). pp. 473, 483.

5. STATUTES.—*In Pari Materia.—Cumulative.*—Statutes passed at the same session, relating to the same subject-matter will be construed, where possible, so as to permit both to take effect, especially where the acts are declared to be cumulative. p. 476.

6. MASTER AND SERVANT.—*Coal Mines.—Sprinkling.—Negligence.— Statutes.*—The negligent failure to sprinkle "the roadways or entries" of any coal mine, as required by §8579 Burns 1908, Acts 1905 p. 65, §11, or the wilful failure to sprinkle "any coal mine or part of mine," upon notice from the inspector of mines, as required by §8613 Burns 1908, Acts 1907 p. 347, §12, constitute misdemeanors, and also give rise to an action for damages to one injured thereby. p. 477.

7. MASTER AND SERVANT.—*Coal Mines.—Shot-Firers.—Sprinkling.* —Shot-firers in a coal mine selected as prescribed by statute (§8610 Burns 1908, Acts 1907 p. 347, §9) are not mere licensees; and the statute requiring the mines to be sprinkled (§§8579, 8613 Burns 1908, Acts 1905 p. 65, §11, Acts 1907 p. 347, §12) inures to their benefit. p. 480.

8. MASTER AND SERVANT.—*Shot-Firers.—Coal Mines.—Negligence.— A coal mining company that fails to sprinkle its mine as required by statute (§§8579, 8613 Burns 1908, Acts 1905 p. 65, §11, Acts 1907 p. 347, §12) is liable to a shot-firer injured by a dust explosion regardless of the negligence of fellow servants. p. 481.

9. MASTER AND SERVANT.—*Assumption of Risk.—Contributory Negligence.—Coal Mines.—Shot-Firers.*—A shot-firer in a coal mine, killed by a dust explosion, did not assume the risk caused by the leaving of open kegs of powder in the mine without notice to him, nor was he guilty of contributory negligence in firing a second time a shot that had blown out the day before owing to the drilling's being past the "chance," where he did not know why the shot blew out, or that it was drilled past the "chance." pp. 482, 483.

10. MASTER AND SERVANT.—*Concurrent Negligence of Master and Fellow Servant.*—The master is liable for injuries to a servant caused by the concurrent negligence of such master and a fellow servant. p. 483.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Josie Lawrence, as administratrix of the estate of Solomon Lawrence, deceased, against the Princeton Coal Mining Company. From a judgment for plaintiff for $1,000, defendant appeals. Transferred from the Appellate Court (see 47 Ind. App. 217) under §1392 Burns 1908, Acts 1907 p. 237, §1. *Affirmed.*

*Embree & Embree,* for appellant.

*J. M. & S. L. Vandeveer* and *J. W. Brady,* for appellee.

MYERS, J.—This action is by a widow to recover for the death of her husband. It was brought under the coal-mining act of 1905 (Acts 1905 p. 65, §8569 *et seq.* Burns 1908), and the amendments by the acts of 1907 (Acts 1907 p. 253, §8597 Burns 1908, and Acts 1907 p. 347, §8602 *et seq.* Burns 1908).

The complaint, the sufficiency of which is attacked, sets out with great detail the physical outlines of appellant's coal mine, giving the depth of the main shaft, the location of the main entries, the cross-entries, the rooms, the break-throughs, the air-shafts, and alleges the employment of miners to produce coal at a fixed price per ton, the employment by the miners, with the knowledge and consent of appellant, of shot-firers, of whom appellee's decedent was one, to whom appellant paid one-fourth of a cent per ton in addition to

the compensation paid them by the miners. The complaint then alleges that on January 8, 1908, and for more than six months immediately prior thereto, as the defendant on said day well knew, said entries of said mine were so dry that the air became charged with coal dust, that the defendant carelessly and negligently, and with full knowledge thereof, permitted in all of the aforesaid entries large quantities of fine, dry, dangerous and explosive coal dust to accumulate, remain, permeate and pervade the air, and wilfully and negligently omitted regularly and thoroughly to sprinkle said entries; that on said January 8, 1908, and for more than twenty days prior thereto, said Solomon Lawrence and McClellan St. Clair were employed in said mine as shot-firers, under and pursuant to the terms hereinbefore alleged, with the full knowledge and consent of defendant; that on January 8, 1908, said Solomon Lawrence and McClellan St. Clair entered said mine for the purpose of discharging their duties as shot-firers as aforesaid; that they proceeded from place to place until they came to, and fired a charge of blasting powder in the room nearest the air course on the southeast entry, and after lighting said charge proceeded hastily out of said room, and northward in said entry to said air course, and thence westward along said air course; that said last-mentioned charge of blasting powder did not blast the coal, but was discharged through the entrance of said hole, and because thereof, discharged fire into the air; that because defendant negligently failed and omitted regularly to sprinkle said entries, that were so dry as aforesaid, said blasting powder when discharged ignited said coal dust, which exploded with great force and violence, and blew with great force and violence timbers, cars, slate and debris along said entries and said air courses, and filled all said entries and air courses with flames and fire; that said timbers, cars and slate struck said Solomon Lawrence with great force and

violence, and he was likewise wholly enveloped in said fire and flames, and by reason thereof was then and there crushed, mangled, burned and instantly killed.

Three questions are presented. The first is, Has the widow of Solomon Lawrence the capacity to sue in her individual name under the provisions of the act of 1905, *supra,* or did the amendment of 1907, *supra,* so far embrace the subject of said act of 1905 as to repeal it, and take away the right of individual action, and relegate claimants for injuries to the general statute upon the subject? It is settled that one who seeks to avail himself of a statute conferring a right must state facts in his complaint which bring him within the terms and meaning of the statute. *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673; *Hodges* v. *Standard Wheel Co.* (1899), 152 Ind. 680; *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; *Harrison* v. *Stanton* (1896), 146 Ind. 366; *Porter* v. *State, ex rel.* (1895), 141 Ind. 488; *Thornburg* v. *American Strawboard Co.* (1895), 141 Ind. 443, 50 Am. St. 334; *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169; *Wabash R. Co.* v. *Cregan* (1899), 23 Ind. App. 1.

Also, that no action can be maintained for the death of a human being unless authorized by an express statute. *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370; *Thornburg* v. *American Strawboard Co., supra; Jackson* v. *Pittsburgh, etc., R. Co.* (1895), 140 Ind. 241, 49 Am. St. 192; *Burns* v. *Grand Rapids, etc., R. Co., supra; Mayhew* v. *Burns* (1885), 103 Ind. 328; *Stewart* v. *Terre Haute, etc., R. Co.* (1885), 103 Ind. 44.

Also, that the general statute (§285 Burns 1908, Acts 1899 p. 405), giving a right of action to personal representatives for death by wrongful act, applies to every action

to recover for the death of a human being, unless the facts averred bring the case within the provisions of some other statute. *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100; *Collins Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637· *Boyd* v. *Brazil Block Coal Co.* (1900), 25 Ind. 157.

By the act of 1905, *supra,* the regulations for mining coal, the manner of doing it and the means and appliances to be used, are prescribed in detail. Under §11 of said act, the subject of ventilation is presented, and at the close of that section is the following provision: "In case the roadways or entries of any mine are so dry that the air becomes charged with dust, such roadways or entries shall be regularly and thoroughly sprinkled. And it shall be the duty of the inspector to see that this provision is carried out." This act was the culmination of a series of acts upon the subject of the protection of the health and the safety of coal miners, beginning in 1879 (Acts 1879 p. 19), amended in 1881 (Acts 1881 p. 8), enlarged in 1885 (Acts 1885 p. 65), and 1891 (Acts 1891 p. 57), amended in 1897 (Acts 1897 p. 226 and p. 268), and in 1901 (Acts 1901 p. 540), and which have since been supplemented by the acts of 1907, *supra,* and by an act in 1909 (Acts 1909 p. 330). Perusal of these acts will disclose the gradual growth of the statutory precaution which we must assume the legislature has deemed expedient, in view of the unusual hazards and dangers of the business, to protect the lives and health of miners. Prior to 1905, so far as we are able to discover, there was no requirement to sprinkle roadways or entries.

This action is predicated upon §8597 Burns 1908, Acts 1907 p. 253, reading as follows: "For any injury to person or persons or property occasioned by any violation of this act, or any wilful failure to comply with any of its provisions, a right of action against the operator shall accrue to the party injured for the direct injury sustained

thereby; and in case of loss of life, by reason of such violation, a right of action shall accrue; first, to the widow, if any; second, if no widow, to the children, or adopted children (if any), jointly; third, if neither the foregoing classes, then to the parents jointly, or parent; fourth, or to any person or persons jointly, who were, before such loss of life, dependent for support on the person or persons killed, for like recovery of damages for the injury sustained by reason of such loss of life or lives.''

By §8613 Burns 1908, Acts 1907 p. 347, §12, it is provided that ''the inspector of mines shall have power in his discretion to order the sprinkling of any coal mine or part of mine by notice in writing to the operator thereof, or person in charge of the same, and after receiving such notice it shall be unlawful for any person to act in violation thereof and to omit such sprinkling. Copies of any notices given hereunder shall be posted at the mine entrance by the inspector of mines.'' The contention of appellant is that the provisions of the act of 1907 (Acts 1907 p. 347) repealed the act of 1905 (Acts 1905 p. 65) on the subject of sprinkling mines, and reposes the subject wholly in the discretion of the inspector; that the failure to sprinkle can only be wilful and a violation of the statute after this discretion has been exercised, and notice has been given by the inspector; that under said act of 1907 no provision is made for action by the widow, unless the omission is wilful; that it can only be a violation after the inspector has given notice, and that in this case no notice is alleged; that the legislature must have had some object and purpose in view in the use of the words in §8597, *supra,* in ''violation of this act, or any wilful failure to comply with any of its provisions,'' and that under this state of the law, and the allegations of the complaint, only a personal representative can maintain the action. The title of the act of 1907 (Acts 1907 p. 347), is, ''An act concerning coal mines, and to pro-

vide for the health and safety of persons employed in coal mines, and matters connected therewith, and providing penalties, and repealing all laws in conflict therewith." By the twenty-first section of the act it is provided that "the provisions of this act shall be cumulative of other laws upon the subject of coal mining: Provided, however, that all laws and parts of laws in conflict herewith are hereby repealed." On the same day that this act was passed, under a title to amend §27 of the act of 1905, *supra,* another act, with an emergency clause, was passed, classifying, in order, those who may bring actions, the material modifications of which statute require action by persons of a class to sue jointly where there is more than one of a class. By §28 of the act of 1905 (Acts 1905 p. 65, §8598 Burns 1908), "any wilful neglect, refusal or failure to do the things required by any section, clause or provision of this act, on the part of the person or persons herein required to do them, or any violation of the provisions or requirements hereof, * * * or any refusal to comply with the instructions of an inspector of mines by authority of this act, shall be deemed a misdemeanor punishable by a fine not exceeding $500 or by imprisonment in the county jail for a period not exceeding six months, or both, at the discretion of the court: Provided, that the foregoing shall not apply to sections of this act which have special penalties provided for them."

By §14 of the act of 1907 (Acts 1907 p. 347, §8615 Burns 1908), "any person violating any provision of this act or wilfully refusing, neglecting or failing to do anything required to be done by any provision hereof by such person, or obstructing or attempting to obstruct or interfere with the inspector of mines or any of his assistants in the discharge of any duty imposed by law, or refusing, failing or neglecting to comply with the proper orders of the inspector of mines or his assistants, shall be guilty of a misdemeanor punishable on conviction by a fine not exceeding $500, to

which may be added imprisonment in the county jail for a period not exceeding six months, in the discretion of the court or jury trying any such case.'' We are not able to agree with the learned counsel for appellant that said acts of 1907 repealed said act of 1905, either by implication, or because they covered the subject-matter.   On the contrary, they seem to us but part of a system of laws, and while they may, and probably do change some features of said act of 1905, especially those with respect to some duties of operators, of miners, and of inspectors, and the penalties as to some matters, in the main and essential features they are in aid of the general statute, and the rule is general that all consistent statutes that can stand together, as related to the same subject, shall be construed together and with reference to the whole system of which they form a part, and harmony and effect given to all, if this can consistently be done, so as to make the law consistent in all its parts and uniform in its application and results; and the intent, as collected from an examination of the whole, will prevail over the literal import of particular terms, and control the strict letter of such terms, when the latter would lead to injustice and contradictions.   State, ex rel., v. Berghoff (1902), 158 Ind. 349; Lime City Bldg., etc., Assn. v. Black (1894), 136 Ind. 544; Haggerty v. Wagner (1897), 148 Ind. 625, 39 L. R. A. 384; State, ex rel., v. Wilson (1895), 142 Ind. 102, 107; United States, etc., Co. v. Harris (1895), 142 Ind. 226; 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §443.

There is no difficulty in applying the acts of 1907, supra, with the act of 1905, and we are greatly aided in the construction intended to be given, by the fact of the passage of the act regarding actions for injuries, amending §27, on the same day the general act was passed.   Even in case of acts passed at the same session, but on different days, it is to be presumed that all are in the minds of the members of the legislature, and that when re-

lated to the same subject they are impressed with the same construction that, if possible, all may stand. *Conn* v. *Board, etc.* (1898), 151 Ind. 517; *Shea* v. *City of Muncie* (1897), 148 Ind. 14; *Houston, etc., R. Co.* v. *State* (1902), 95 Tex. 507, 68 S. W. 777; *Harris* v. *State, ex rel.* (1896), 96 Tenn. 496, 34 S. W. 1017; *Board, etc.,* v. *People, ex rel.* (1893), 49 Ill. App. 369; *MacVeagh* v. *Royston* (1897), 71 Ill. App. 617; *City of Cincinnati* v. *Connor* (1896), 55 Ohio St. 82, 44 N. E. 582; *Illinois Watch Case Co.* v. *Pearson* (1892), 140 Ill. 423, 31 N. E. 400, 16 L. R. A. 429.

This is the more true where acts are passed on the same day. *Commonwealth* v. *Huntley* (1892), 156 Mass. 236, 30 N. E. 1127, 15 L. R. A. 839; *Solomon* v. *City of Denver* (1898), 12 Col. App. 179, 55 Pac. 199; *Territory* v. *Wingfield* (1887), 2 Ariz. 305, 15 Pac. 139; *Lien* v. *Board, etc.* (1900), 80 Minn. 58, 82 N. W. 1094.

The fact that the act is declared to be cumulative is also of great force in evincing the legislative intent. The right of action under §27 is not taken away. *Couchman* v. *Prather* (1904), 162 Ind. 250; *Maule Coal Co.* v. *Partenheimer, supra.*

It is next urged that no cause of action is shown because it is not alleged that the failure to sprinkle was a wilful neglect, and that the use of the word "violation" must 6. be held to mean wilful violation, an affirmative act.

It will be noted that the act of 1905 placed an express duty upon the operator to sprinkle the roadways and entries. A failure to do this constituted a misdemeanor, and injury proximately arising therefrom gave a right of action. While it is a penal statute, it is also remedial, and should not receive so strict a construction as to destroy the very object of its enactment. *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524; *State* v. *Hogreiver* (1899), 152 Ind. 652, 657, 45 L. R. A. 504; *United States Express Co.* v. *State*

(1905), 164 Ind. 196, 202; *Wooley Coal Co.* v. *Bracken* (1903), 30 Ind. App. 624.

The acts of 1907 extend the requirements in regard to sprinkling, and embraces not only roadways and entries, but extend the power of the inspector to require "the sprinkling of any coal mine, or part of mine." It was no less the duty of the operator under the act of 1905, *supra,* to sprinkle the "roadways and entries," and no less the duty of the inspector to see that it was done, than it is under the act of 1907 (Acts 1907 p. 347), but as to any other part of a mine, said act of 1905 was silent, and the act of 1907 leaves it to the inspector to determine when and where sprinkling shall be done, and to give notice, before it becomes unlawful on the part of the operator to omit to do so, except as to roadways and entries. It is not difficult to discover the reason for the use of the words "any violation," and "any wilful failure." "Violation" as therein used embraces not only acts of omission in failing to do the things that are required to be done, but of commission in doing things that are declared shall not be done, and as applied to the whole statute the instances are numerous. *State* v. *Case* (1873), 53 Mo. 246, 256; *People* v. *Fox* (1896), 38 N. Y. Supp. 635, 636, 4 App. Div. 38; *Odin Coal Co.* v. *Denman* (1900), 185 Ill. 413, 57 N. E. 192, 76 Am. St. 45.

A wilful failure implies more than mere nonconformity, inattention, thoughtlessness or heedlessness, and goes to the intent implied in failing to do the thing after the attention is called to it, or notice given under this statute by the inspector, and implies the intentional and conscious violation and persistent refusal or neglect, not necessarily with evil or malicious intent; it amounts to more than mere passive negligence, it is active refusal, it is wilful or reckless disregard of the safety of the miners, and an intentional failure and refusal to perform a plain statutory duty. *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62; *Parker* v. *Pennsylvania Co.* (1893), 134 Ind. 673, 23 L. R. A. 552; *Cin-*

*cinnati, etc., R. Co.* v. *Cooper* (1889), 120 Ind. 469, 6 L. R. A. 241, 16 Am. St. 334; *Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51; *Indiana, etc., R. Co.* v. *Wheeler* (1888), 115 Ind. 253; *Huff* v. *Chicago, etc., R. Co.* (1900), 24 Ind. App. 492, 79 Am. St. 274; *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571; *Donk Bros. Coal, etc., Co.* v. *Stroff* (1901), 100 Ill. App. 576; *Donk Bros. Coal, etc., Co.* v. *Peton* (1901), 192 Ill. 41, 61 N. E. 330; *Marquette, etc., Coal Co.* v. *Dielie* (1903), 110 Ill. App. 684; *Riverton Coal Co.* v. *Shepherd* (1903), 111 Ill. App. 294; *Athens Mining Co.* v. *Carnduff* (1906), 221 Ill. 354, 77 N. E. 571; *Wilmington, etc., Coal Co.* v. *Sloan* (1907), 225 Ill. 467, 80 N. E. 265; *Davis* v. *Illinois Collicries Co.* (1908), 232 Ill. 284, 83 N. E. 836; *Moore* v. *Centralia Coal Co.* (1908), 140 Ill. App. 291; *Odin Coal Co.* v. *Denman, supra; Carterville Coal Co.* v. *Abbott* (1899), 181 Ill. 495, 55 N. E. 131; *City of Lexington* v. *Lewis's Admx.* (1874), 73 Ky. 677; *Jacobs's Admr.* v. *Louisville, etc., R. Co.* (1874), 73 Ky. 263; *Illinois Cent. R. Co.* v. *Leiner* (1903), 202 Ill. 624, 67 N. E. 398, 95 Am. St. 266.

The distinction between wilfulness and gross negligence is well drawn in the case of *Cleveland, etc., R. Co.* v. *Miller* (1898), 149 Ind. 490.

So here, the failure to comply with the statutory requirements as to sprinkling "roadways and entries," and other express provisions, clearly constitutes a violation of the act, while failure to sprinkle "any coal mine or part of mine," after notice by the inspector, or to do any thing that he might, under the act, require, would constitute "wilful failure." Both "violation" and "wilful failure" are made misdemeanors, and for either a civil cause of action is given. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319.

The statute of Illinois is more restricted than our own upon the subject of giving a right of action. The language there is "wilful violations" or "wilful failure" to comply

with the statutory requirements. Hurd's R. S. Ill. 1899, Ch. 93, §33.

It is contended that as appellee's decedent is shown to have been a shot-firer, employed by the miners, he was not a servant of appellant, but at most a servant of the 7. miners. It is alleged that the miners were mining by the ton, and that appellee's decedent was employed by the miners, with the knowledge and consent of appellant, and that the latter indirectly paid a part of his wages. The act of 1907 (Acts 1907 p. 347, §8610 Burns 1908, provides "that at any coal mine in the State where the miners working therein so elect, persons may be employed to act as shot-firers, and their wages shall be paid by the miners working therein." It will be noted that it is not provided in the act that the miners shall have the right to select the shot-firers, but if they elect to have shot-firers, those so electing are to pay their wages. The complaint alleges that, "among other duties performed by the miners, it was their duty to drill into the solid coal in said mine, to charge said drill holes with blasting powder, and to tamp said charges of powder; that the firing of said charges of powder was performed by shot-firers employed and paid by said miners with the full knowledge and consent of defendant, which paid to said miners a quarter of a cent a ton for coal mined from said mine, in addition to the compensation paid said miners for coal mined by them, to be applied on the compensation of said shot-firers for their services." Fairly construed, this means that appellant consented to and approved the selections made by the miners, but in any event these shot-firers were not mere licensees, and it is not necessary that we should determine whether they were servants of appellant. They were in the mine pursuant to the express provisions of a statute. It was more than an invitation to be there. They were there engaged in business for the operator, not in their own business, except as their business was that of assisting in mining coal, in carrying out a distinct part of

the business of the operator, with its knowledge and consent, and we see no difference between the duty owing to them in regard to sprinkling the mine, than that owing to the miners proper. The law was enacted for the benefit of all persons whose work requires them to be in the mines, in and about the business of the operator in coal mining, whether or not the strict relation of master and servant existed between appellant and appellee's decedent. *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470; *Pennsylvania Co.* v. *O'Shaughnessy* (1889), 122 Ind. 588; *Indiana, etc., R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 409; *Evansville, etc., R. Co.* v. *Griffin* (1885), 100 Ind. 221, 50 Am. Rep. 783.

It is finally contended that judgment should have been rendered for appellant upon the answers to the interrogatories. The latter are very numerous, being 121 in number. Appellant's argument on this point is that it is not liable, because the answers to the interrogatories show that the accident occurred by reason of the negligence of a fellow servant, and that this was a risk assumed by the decedent. The answers show that the explosion in which the decedent was killed was caused by one of the miners in unlawfully drilling beyond the "chance;" and because of cans of powder that had been improperly opened by the miners and left in the break-throughs, in violation of the statute. However, the findings do not negative the allegation of the complaint that the injury happened by the explosion of coal dust, caused by the failure to sprinkle. In our view, the element of assumption of the risk is eliminated from the case by the facts found showing the violation by appellant of the statutory duty of sprinkling as the proximate cause of the explosion and injury. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489; *Pittsburgh, etc., R. Co.* v. *Lightheiser*

(1904), 163 Ind. 247; *Himrod Coal Co.* v. *Adack* (1900), 94
Ill. App. 1; *Maplewood Coal Co.* v. *Graham* (1907), 134 Ill.
App. 277; *Sunnyside Coal Co.* v. *Perry Center* (1901), 100
Ill. App. 546; *Peebles* v. *O'Gara Coal Co.* (1909), 239 Ill.
370, 88 N. E. 166; *Western, etc., Coal Co.* v. *Beaver* (1901),
192 Ill. 333, 61 N. E. 335; *Pawnee Coal Co.* v. *Royce* (1900),
184 Ill. 402, 56 N. E. 621; *Russell* v. *Dayton Coal, etc., Co.*
(1902), 109 Tenn. 43, 70 S. W. 1, 97 Am. St. 836; *Wolf* v.
*Smith* (1906), 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.)
338.

But it is urged that appellee's decedent was guilty of contributory negligence in firing a second time a shot that had blown out the day before, owing to the drilling being past the "chance." It is found that he knew of the abortive shot of the day previous, but it is not found that he knew why the shot blew out, or that it was drilled past the "chance," as he had not placed the powder or tamped it in either case; nor is it found that he knew why shots blew out or that it was unusual; but it is found that the injury was from the dust explosion. It is not made to appear that appellee's decedent knew of the open kegs of powder in the mine, or the manner in which the drilling or tamping had been done, so as to bring him within the rule of assumption of risk from a known or obvious danger presented in the course of his work or duty and make him guilty of contributory negligence, thus relieving appellant of any liability; and it is made to appear that the injury occurred because of appellant's violation of a statutory duty in failing to sprinkle. *Vandalia Coal Co.* v. *Yemm, supra,* and cases cited; *Cleveland, etc., R. Co.* v. *Powers, supra,* and cases cited; *United States Cement Co.* v. *Cooper, supra; Paul Mfg. Co.* v. *Racine* (1909), 43 Ind. App. 695; *Boyd* v. *Brazil Block Coal Co., supra; Muren Coal, etc., Co.* v. *Copeland* (1910), 46 Ind. App. 230; *Miami Coal Co.* v. *Kane* (1910), 45 Ind. App. 391; *Narramore* v. *Cleveland, etc., R. Co.* (1899), 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68.

Princeton Coal, etc., Co. *v.* Lawrence—176 Ind. 469.

The fact that the negligence of another miner, or other miners, concurred with the negligence of appellant in producing the injury, will not exonerate appellant, if its negligence in failing to sprinkle was the proximate cause of the injury, and the jury so found. *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57; *Romona, etc., Stone Cc.* v. *Shields* (1909), 173 Ind. 68; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290; *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95; *Hymera Coal Mining Co.* v. *Mahan* (1909), 44 Ind. App. 583; 1 Labatt, Master and Serv. §325; 2 Labatt, Master and Serv. §813.

In view of the opinion entertained by the court, it is unnecessary that we determine any question as to the constitutionality of the statutes presented by appellee.

No error in the record is made to appear, and the judgment is affirmed.

## On Petition for Rehearing.

Myers, J.—Upon petition for rehearing the learned counsel for appellant urge that the act of 1905 (Acts 1905 p. 65, §8569 *et seq.* Burns 1908) was repealed by the act of 1907 (Acts 1907 p. 347, §8602 *et seq.* Burns 1908) because of the different penalties imposed under the different acts. If it should be conceded that so far as the penalties are concerned said act of 1905 is so far modified by said act of 1907 as to repeal §8598, *supra,* so far as in conflict with it, or covering the same subject-matter, if it does, that would not affect the questions involved in this case.

It is again urged that the proximate cause of the injury was the fact, the jury found, that a miner had drilled past the "chance," in violation of the statute. Whatever might be our views as to the evidence and the findings of the jury upon this question, it is foreclosed by the specific finding, under instructions defining proxi-

mate cause, that the dust explosion was the proximate cause of the injury.

We have again gone over the case in the light of appellant's petition for a rehearing, but see no reason to change our former opinion. The petition is overruled.