# PEABODY-ALWERT COAL COMPANY *v.* YANDELL.

## [No. 22,067. Filed February 11, 1913.]

1. MASTER AND SERVANT.—*Death of Servant.—Coal Mining.—Complaint.*—A complaint, in an action for the death of a coal miner, alleging that the death was caused by defendant's failure to keep on hand sufficient timbers to make decedent's working place safe, and to deliver timbers for such purpose, etc., is not insufficient for failure to aver facts showing that decedent registered on the blackboard a request for props and timbers, as provided in the coal mining act (Acts 1905 p. 65, §15, §8585 Burns 1908). p. 224.

2. MASTER AND SERVANT.—*Death of Servant.—Coal Mining.—Complaint.—Practicability of Erecting Props and Timbers in Mine.*—In an action for the death of a coal miner, caused by defendant's failure to keep on hand sufficient timbers to make decedent's working place safe, and to deliver timbers for such purpose, etc., the complaint need not aver that it was practicable to do the alleged omitted things without interfering with the working of the mine, since §8580 Burns 1908, Acts 1905 p. 65, §12, declares that the mine boss shall see that every working place is properly secured by timbering, and that a sufficient supply of timbers is always on hand at the miner's working place, and that when an unsafe place is reported to him no one shall enter the place except for the purpose of making it safe. (*Zeller-McClellan & Co. v. Vinardi* [1908], 42 Ind. App. 232, 85 N. E. 378, criticised.) pp. 225, 226.

3. STATUTES.—*Construction.*—Rules of statutory construction, of whatever character, may be applied only where the intent of the statute is equivocal or obscure. p. 226.

4. MASTER AND SERVANT.—*Death of Servant.—Coal Mining.—Instructions.*—In an action to recover for the death of a coal miner, based on defendant's failure to comply with the provisions of §8580 Burns 1908, Acts 1905 p. 65, §12, relative to supplying timbers and making safe the working places of miners, instructions given were not erroneous in omitting the element of wilfulness, since the right to recover under the act may be based on an inad-

vertent failure to comply with its provisions, as well as on the intentional violation thereof. p. 227.

5. APPEAL.—*Weight and Sufficiency of Evidence.—Written Instruments.—Depositions.*—A deposition is not a written instrument within the meaning of the rule that it is the province of the court to interpret written instruments, so that, although the circumstances surrounding the killing of a coal miner were proved by the deposition of a witness, the court cannot weigh such evidence on appeal. p. 227.

6. MASTER AND SERVANT.—*Death of Servant.—Coal Mining.—Unsafe Place.—Assumption of Risk.*—Where one employed as a loader in a coal mine, was killed by the fall of loose material from the roof, and he had nothing to do with respect to making the working place safe, he did not assume the risk incident to the master's failure to comply with the provisions of §8580 Burns 1908, Acts 1905 p. 65, §12, relative to supplying timbers and making safe the working places of miners. p. 228.

7. MASTER AND SERVANT.—*Death of Servant.—Coal Mining.—Contributory Negligence.—Burden of Proof.*—In an action for the death of a coal mine employe, the defendant has the burden of proving contributory negligence. p. 228.

8. APPEAL.—*Review.—Verdict.—Conclusiveness.*—A verdict for plaintiff in a negligence case will not be disturbed on the evidence, unless it appears from a consideration of the evidence most favorable to appellee, and also of any inference therefrom that might be honestly drawn, that the jury's finding is unsupported. p. 228.

9. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions that are substantially covered by instructions given is not error. p. 228.

10. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— Where it is not contended that the damages assessed in an action to recover for a wrongful death were excessive, the admission of evidence that decedent's widow owned no property and had no income at the time of her husband's death, even if erroneous, was harmless. p. 229.

11. APPEAL.—*Waiver of Error.—Briefs.*—Alleged error of the trial court in permitting certain proof to be made by appellee, is waived, where appellant's brief does not disclose what objection, if any, was made in the trial court to the making of such proof. p. 229.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Eva Yandell against the Peabody-Alwert Coal Company. From a judgment for plaintiff, the defendant

appeals. (Transferred from the Appellate Court under §1399 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*John T.* and *Will H. Hays,* for appellant.

*John W. Lindley* and *Orion B. Harris,* for appellee.

MORRIS, J.—Appellee sued appellant for damages for injuries resulting in the death of her husband, who lost his life in an accident while he was employed by appellant as a coal miner. The action is brought under the coal mining act of 1905 (Acts 1905 p. 65, §8569 *et seq.* Burns 1908).

The complaint alleges that decedent's death was caused by appellant's failure, in violation of the provisions of the mining act, to keep on hand sufficient timbers to make decedent's working place safe, and to deliver timbers for such purpose to such place, although the same were necessary therefor; that appellant's mine boss failed to visit and examine his working place, and failed to see that as decedent advanced his excavation, loose coal and slate overhead was removed or secured from falling; that by reason thereof, the roof over decedent's working place became loose and dangerous, and fell and caused his death; that appellant had knowledge of such condition a sufficient time before the injury, to have remedied the same and thereby have avoided the accident. The court overruled appellant's demurrer to the complaint. This ruling is here assigned as error. There was a trial by jury, verdict and judgment for plaintiff. Appellant's motion for a new trial was overruled, and this action is also assigned as error.

Appellant contends that the complaint is insufficient because it fails to aver facts showing that decedent registered on the blackboard a request for props and timbers, as provided in §15 of the act (Acts 1905 p. 65, §8585 Burns 1908). In *Muren Coal, etc., Co.* v. *Copeland* (1910), 46 Ind. App. 230, 234, 90 N. E. 489, 91 N. E. 508, it was said: ''The statute expressly imposes on the operator the duty of seeing to it that the miner's working place

is supplied with the timbers which he may need from time to time, as the work progresses, to make his working place entirely secure. The provision with reference to the blackboard was designed evidently as one of the means of keeping the mining boss informed of the necessity for timbers. The law requires the mining boss to visit the mine every alternate day. This provision of the law is very evidently intended in part for the same purpose. But with the fact conceded that the mining boss, who for this purpose represents the operator, has knowledge of the fact that the necessary timbers are not supplied in the miner's working place, the duty to supply them imperatively follows.'' There was a petition to transfer the above cause to this court, and it was denied. We are of the opinion that the complaint is not rendered insufficient because of the reason urged.

It is most earnestly insisted by appellant's counsel that the complaint is bad for failure to aver that it was practicable to do the things omitted, without undue interference with the workings of the mine; that the mining act is penal, and must be strictly construed. On the latter question this court said in *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 477, 95 N. E. 423, 96 N. E. 387: ''While it is a penal statute, it is also remedial, and should not receive so strict a construction as to destroy the very object of its enactment.'' In *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 531, 92 N. E. 49, 94 N. E. 881, it was said concerning the legislative intent of the act: ''The history of this character of legislation, beginning with 1885 (Acts 1885, *supra*), enlarged in 1891 (Acts 1891, *supra*), and again in 1905 (Acts 1905, *supra*), discloses an increasing interest in legislation for the safety of the lives and limbs, and the preservation of the health of the miners.'' In *Antioch Coal Co.* v. *Rockey* (1907), 169 Ind. 247, 254, 82 N. E. 76, this court declared: ''Certainly, then, if for any reason it becomes impracticable to secure loose coal,

slate or rocks overhead in the working place in the mine by means of timbers or props, such loose coal, slate or rock *should be removed before the miners are permitted to resume work.''*   (Italics ours.)

Appellant especially relies on *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 270, which held that in a complaint under the factory act for failure to guard a machine, that it was necessary to allege it was possible to guard the particular machine without rendering it useless for purposes of operation.   The above doctrine is not applicable here.   When the factory act was passed, it is well known that there was machinery impossible to operate when so guarded as to avoid all danger. The use of such machinery was not prohibited (Acts 1899 p. 231, §8029 Burns 1908).

The several mining acts, in unmistakable terms declare that the mine boss shall see that every working place is properly secured by timbering, and that a sufficient supply of timbers is always on hand at the miner's working place, and that when an unsafe place is reported to him no one shall enter the place except for the purpose of making it safe. §8580 Burns 1908, Acts 1905 p. 65, §12.   Under such conditions it was not contemplated by the act that the ordinary mine work should continue in the dangerous place, but on the contrary that it should cease until the place should have been made safe.

Courts must give full effect to the legislative intent, unless restrained by the organic law.   Where the intent is clear, there is nothing to construe.   Rules of construction, whether strict or liberal, or of whatever character, may be applied only where the intent of the statute is equivocal or obscure.   The decedent here, as alleged in the complaint, was employed as a coal loader, and not to make working places safe.   While appellant's contention that the complaint should properly have averred that it was practicable to have done the alleged omitted

things without interfering with the working of the mine, is supported in the case of *Zeller-McClellan & Co.* v. *Vinardi* (1908), 42 Ind. App. 232, 85 N. E. 378, we think the court in that case, was in error in applying the same rule to the mining act as was applied in *Laporte Carriage Co.* v. *Sullender, supra,* to the factory act. There was no petition filed to transfer the Vinardi case to this court. The court did not err in overruling the demurrer to the complaint.

Appellant insists the court erred in instructions Nos. 1, 4, 16 and 17, given on its own motion, because from each was omitted the element of wilfulness. There was no

4. error. The right to recover under the act, may be based on the inadvertent failure to comply with its provisions, as well as on the intentional violation thereof. *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664, 62 N. E. 1103, 65 N. E. 1026; *Princeton Coal, etc., Co.* v. *Lawrence, supra; Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060. Exceptions were taken to each of several other instructions given by the court on its own motion. Without setting out their substance it is sufficient to say that no harmful error was committed by the giving thereof.

Appellant claims the court erred in refusing its request to direct a verdict for defendant. Aside from the widow, who gave no testimony relating to the cause of the

5. accident, only one witness testified. This was one Kearns, who was in the employ of defendant at the time of the injury, in the capacity of "jerryman", and whose duty it was to make decedent's working place safe. The evidence given by Kearns was by deposition. Appellant insists that under such circumstances, this court may weigh the evidence given in the deposition; but that, in any event, a consideration of the deposition shows conclusively that decedent was guilty of contributory negligence, and assumed the risk of the injury that caused his death. The exclusive right to weigh the evidence in this case devolved on the jury,

regardless of the fact that it was given by deposition. A deposition is not a written instrument within the meaning of the rule that declares it the province of the court to interpret written instruments. *Patterson* v. *Churchman* (1890), 122 Ind. 379, 22 N. E. 662, 23 N. E. 1082.

There is nothing in the evidence to warrant the proposition that decedent assumed the risk of injury. On the contrary, it is shown that his duties were those only of a loader, and that he actually did nothing with respect to making the working place safe. *Antioch Coal Co.* v. *Rockey, supra; Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69.

The burden of proving contributory negligence was on appellant. The verdict of the jury exonerated decedent from fault. In such case, the court is bound by the verdict, unless it appears from a consideration of the evidence given which was most favorable to appellee and also of any inference therefrom that might be honestly drawn, that the jury's finding is unsupported. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899. The copy of Kearns' deposition fills thirty pages of the record. There is some conflict in his testimony, especially between the direct and cross-examination. If it were otherwise desirable, the length of the deposition would incline us not to set out its substance here; but its examination forces the conclusion that honest jurors may have rationally inferred from the deposition facts which rendered decedent guiltless of the charge of contributory negligence, and in such case this court is without rightful power to interfere with the verdict. The trial court did not err in its ruling.

Appellant predicates error on the refusal to give a number of other requested instructions. Some of these were erroneous because they involved the doctrine of assumed risk, while others present the same questions heretofore considered in determining the sufficiency of

the complaint.   The remaining ones which correctly state the law, were substantially covered by instructions given.   We conclude that no error was committed by the trial court in refusing to give requested instructions.

The court, over appellant's objection, permitted appellee to testify that she owned no property, and had no income at the time of her husband's death.   Appellant contends that this evidence could not be logically considered by the jury except in fixing the amount of damages, and for such purpose it was incompetent.   Conceding that it was incompetent, it was nevertheless harmless, for it is not contended that the damages assessed were excessive.

Counsel for appellant, in their brief, under the heading of points, assert there was error in permitting appellee to prove certain facts by the deposition of Kearns.   What if any, objection was made in the lower court, to the making of such proof, is not disclosed by the brief, and, consequently, is waived.   Clause 5, Rule 22, of this court.   It is also contended that the court erred in overruling appellant's motion for judgment on the answers of the jury to the interrogatories submitted, numbering ninety-five. Their number makes it undesirable to set out their substance, but a consideration of the interrogatories and answers thereto fails to disclose any irreconcilable conflict between the answers and the general verdict.

The evidence was sufficient, in law and fact, to support the verdict, and no reversible error is disclosed.   Judgment affirmed.

NOTE.—Reported in 100 N. E. 758.  See, also, under (1, 2) 26 Cyc. 1384; (3) 36 Cyc. 1106; (4) 26 Cyc. 1497; (5, 8) 3 Cyc. 348; (6) 26 Cyc. 1180; (7) 26 Cyc. 1419; (9) 38 Cyc. 1711; (10) 38 Cyc. 1411; (11) 2 Cyc. 1016.  As to the duty of mine owner to provide safe machinery and appliances for employes, see 87 Am. St. 560.  As to pleading in actions by servant against master for injuries resulting from the latter's negligence, see note to *Brazil Block Co.* v. *Gibson* (Ind.), 98 Am. St. 324.  As to contributory negligence and whether the question is for the jury or the court, see 8 Am. St. 849.  As to the liability of a mine owner to a servant

for injuries caused by the falling of the roof of the mine, see Ann. Cas. 1912 B 577. As to servant's assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229.