NOVEMBER TERM, 1914.     123

Southern Product Co. *v.* Franklin Coil Hoop Co.—183 Ind. 123.

## THE SOUTHERN PRODUCT COMPANY *v.* FRANKLIN COIL HOOP COMPANY.

[No. 22,496.  Filed November 25, 1914.  Rehearing denied
March 26, 1915.]

1. APPEAL.—*Sufficiency of Evidence.—Scope of Review.*—In determining the sufficiency of the evidence the court on appeal is limited to a consideration of that most favorable to appellee, including such inferences favorable to appellee, as might be fairly drawn by the jury.  p. 124.

2. SALES.—*Action.—Evidence.—Inferences.*—Evidence showing that defendant's sales manager had represented defendant in sales of lumber to plaintiff, who was also a dealer in lumber, that in conversation with him plaintiff proposed a sale of hardwood lumber to which he replied that he was getting defendant to handle such lumber, on which defendant was paying him a commission, and that if defendant received an order he would communicate with plaintiff, together with a letter bearing the name of defendant and the sales manager inquiring as to the lumber, and another on the stationery of defendant, but signed by such sales manager only, directing shipment to a firm in New York, with further evidence that the invoices were sent to defendant and the notation "commission of $1.00 per M. to us from Coil Hoop Co.", made thereon by such sales manager, and a letter bearing the name of defendant and such sales manager, reciting the writer's view of the negotiations as a sale by plaintiff to the New York firm through such sales manager on a commission basis, etc., and evidence showing that shortly afterwards such sales manager disappeared embezzling large sums of defendant's money, etc., while sufficient to warrant an inference that such sales manager was doing business under the name of the New York firm and that he received the lumber, sold it and converted the proceeds to his own use, also warranted the inference that defendant by letter accepted plaintiff's offer of the lumber.  pp. 125, 129.

3. APPEAL.—*Review.—Findings.—Evidence.*—Where plaintiff contended that a sale of lumber was made directly to defendant, and it was defendant's position that it was acting as the agent of the plaintiff in the sale of the lumber to a firm in New York, the jury's special finding against the defendant on that proposition supported the general verdict, and was supported by the testimony of plaintiff's manager, although there was conflict therein, since it was the jury's right to determine the facts from such conflict.  p. 128.

4. APPEAL.—*Evidence.*—*Weight and Sufficiency.*—The court on appeal can not weigh conflicting oral evidence, and a verdict sustained by some evidence is conclusive.   p. 129.

5. SALES.—*Estoppel.*—*Pleading.*—In an action for the price of lumber sold to defendant, where estoppel was not pleaded, the defense that by plaintiff's silence after receipt of a letter setting forth defendant's version of the transaction as one in which defendant was acting as agent for plaintiff in making the sale to a third party, plaintiff was estopped to assert that the transaction was a sale to defendant, was not available.   p. 129.

From Superior Court of Marion County (80,899) ; *Charles J. Orbison,* Judge.

Action by the Franklin Coil Hoop Company against the Southern Product Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edgar A. Brown, James E. Kepperley* and *J. Olias Vanier,* for appellant.

*Wm. Featherngill* and *Elmer E. Stevenson,* for appellee.

MORRIS, J.—Appellee, a corporation, sued appellant, a corporation, on account, for lumber sold and delivered. Trial by jury, verdict for appellee with answers to interrogatories; judgment on verdict. Appellant's motions for judgment on answers to interrogatories, and for a new trial, were overruled, and these rulings are assailed as erroneous. It is contended that the evidence was not sufficient, in law and fact, to support the verdict.

The complaint alleges that appellee sold to appellant, for an agreed price, two carloads of lumber, which were, at appellant's request, shipped to the West Farms Lumber Co., New York City. In determining the sufficiency of the evidence, this court is limited to a consideration of that most favorable to appellee, including such inferences favorable to appellee, as might be fairly drawn by the jury. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758. There was evidence to show that at, and for

NOVEMBER TERM, 1914.          125

Southern Product Co. *v*. Franklin Coil Hoop Co.—183 Ind. 123.

a long time prior to the time of the transaction in controversy, appellant, with its place of business at Indianapolis, and appellee, with its place of business at Franklin, were each engaged in buying and selling lumber in wholesale quantities. The two corporations had engaged in previous business dealings. H. C. Morris was employed by appellant in the capacity of sales manager, and prior to the sale here alleged, had represented appellant in sales of lumber to appellee. During the first half of April, 1908, Morris went to appellee's office at Franklin and endeavored to make a sale of pine lumber from appellant to appellee. The latter's president and manager, Mr. Graham, informed Morris that appellee would rather sell than buy lumber at that time, and, after further conversation, proposed a sale of two carloads of hardwood lumber, one at $25 and the other at $38 per thousand. Morris informed Graham that he was getting appellant to handle some hardwood lumber, and that appellant was paying him a commission for his services; that the price quoted by appellee was satisfactory and if appellant got an order for such lumber as appellee offered to sell, he would communicate with appellee. On April 16, 1908, appellant mailed to appellee the following letter:

"Indianapolis, Ind., 4/16/08.
Franklin Coil Hoop Co., Franklin, Ind.
    Gentlemen—Will your Mr. Graham be kind enough to inform us whether he has disposed of any of the hardwood stock of which he gave our Mr. Morris a list. We rather expect an order from New York during the course of the next few days, which, if received, we can apply on such stock. Thanking you for an answer by return mail, we beg to remain,
        Yours very truly, The Southern Product Co.,
HCM/MD                                    H. C. Morris."

By return mail appellee answered that it had disposed of 10,000 feet. In due course of mail appellee received the following letter:

"V. A. Longaker, Pres't.        D. S. Menasco, V. Pres't.
                                              & Gen'l. Mgr.
                  C. B. Menasco, Sec'y.
        The Southern Product Co. of Indianapolis, Ind.
                      Wholesale Lumber
New Phone No. 5588.                    Bell Phone No. 2994.
              General Offices, State Life Bldg.

                                   Indianapolis, Ind., 4/25/08.
Franklin Coil Hoop Co., Franklin, Ind.
    Dear Sirs—Referring to my call last Monday evening,
beg to say that I have had the matter of the two cars
of white oak up with my New York parties, and they
inform me that it is satisfactory to let the stock come
along, if it will run a fair average width, as is customary
in Indiana plain white oak. You may, therefore, make
the shipment to the West Farms Lumber Company at
New York City, N. Y., and ask that you insert on B/L
and way bill, 'Lighterage free within lighterage limits.'
Please let me have the paper at once after shipment has
been made.    Yours very truly, H. C. Morris."

On April 30, 1908, appellee loaded a car with lumber
that had been offered at $25 per thousand, and shipped it
to West Farms Lumber Co., New York City, N. Y. On the
same day appellee mailed to appellant, an invoice for the
same, which, excepting the following notation thereon, made
by Morris, in his handwriting, viz., "Commission of $1.00
per M. to us from Coil Hoop Co." was as follows:

                  "Franklin, Ind., Apr. 30, 1908.
The Southern Product Co., Indianapolis, Ind.
    In account with Franklin Coil Hoop Company.
        M. C.                            3693.
Car No. 43293    10,078 ft. No. 1 Com. Plain W. O. &
    25,251.95
                West Farms Lbr. Co., New York City, N. Y.
Commission of $1.00 per M to us from Coil Hoop Co.
                                          B/L Ford."

On the following day, another car was loaded with lumber
quoted at $38, and shipped the same as the other, and in-
voice forwarded to appellant. When the invoice was re-
ceived, Morris made the same notation thereon, that he made
on the other. Appellant never challenged these invoices.

Southern Product Co. *v.* Franklin Coil Hoop Co.—183 Ind. 123.

After the lumber had been shipped by appellee, it received the following letter:

"Indianapolis, Ind., April 28th, 1908.

Franklin Coiled Hoop Co., Franklin, Ind.

Dear Sirs—Referring to your conversation with our Mr. Bright by 'phone last evening, we beg to state that as the arrangement made by the writer, we will be very glad indeed to collect the account on the two cars of oak to be shipped to New York. When this order was first talked of, you made us an allowance of one dollar for commission. The writer explicitly stated that this was our commission. Now, one dollar per M. on the 1st and 2nds would mean but about 2 per cent., which is an inconsequential percentage on which to handle an account. It, therefore, was the writer's intent to turn the order over to you. Mr. Graham will undoubtedly recall our conversation relative to the financial standing of the concern who is to handle the lumber. How the writer said that he doubted whether the concern had a very heavy rating, but that he had done business with them individually for ten years and had always found them fair; and on Mr. Graham's remark that he had never done business so far away, the offer was made that if the invoices were forwarded to our office, we would look after and attend to the collecting of the account for you, and that our Mr. Morris would give the entire matter his personal attention, with the view of making the shipment a satisfactory one to you, to further an arrangement suggested whereby we could act as your selling agents or in buying the stock outright where there was sufficient profit to pay a reasonable amount on the money involved, on the balance of the stock you now had on hand.

We do not believe you need fear the financial responsibility of the West Farms Lumber Co. We now have several unfilled orders on our books for that concern, and, what is more to the point, we would not likely hand you an order which would involve us in unpleasantness with you, or affect the business we hope to do with you.

How about that dimension order which was spoken of? Can you not let us have your order now, for your yellow pine wants? Please let us hear what decision you arrive at in reference to the oak, and oblige,

Yours very truly, Southern Product Company,

H. C. Morris, Sales Manager."

Appellee never replied to this letter, nor took steps to recall the lumber.

In the conversation between Morris and Graham, when the latter offered to sell the two carloads of lumber, nothing was said in reference to the subject of appellant handling the lumber on commission. About the middle of May, 1908, Morris was still in the employ of appellant, and went to Franklin and endeavored to sell lumber to appellee and at the same time got prices on ash and oak lumber that appellee had for sale. Shortly thereafter he disappeared, after having embezzled large sums of appellant's money. The jury was warranted in inferring that Morris was doing business in New York under the name of West Farms Lumber Co., and received the two cars of lumber and sold the same and converted the proceeds thereof to his own use, but neither appellant nor appellee had knowledge of such facts until a long time thereafter.

There is a sharp conflict in the oral evidence. Mr. Bright, one of appellant's officers, testified that on April 25 or 26, he had a telephone conversation with Mr. Graham, in which the latter said he had received orders for the shipment of some lumber to be invoiced to appellant; that Bright informed him that appellant had no knowledge of any such orders, and if appellee had received any thing of the kind, that it was a matter between appellee and Morris. Graham denied having any conversation with Bright.

Interrogatory No. 6, submitted to the jury, and the answer thereto are as follows: "6. Did the plaintiff, before shipping the two carloads of lumber in controversy to the West Farms Lumber Company, have any intimation from the defendant, either verbal or in writing, that they were acting as the agent for the plaintiff, and that the credit would have to be extended by the plaintiff to the West Farms Lumber Company, and that defendant would assist the plaintiff in collecting the account? A. No." This finding supports the general verdict, and it was

supported by the evidence of Graham. It is true that there is apparent conflict between his testimony on his direct and that on his cross-examination, but it was for the jury to determine the facts from such conflict. *Peabody-Alwert Coal Co.* v. *Yandell, supra.*

It was the theory of appellee that the letter of April 25, should be deemed as an acceptance by appellant of appellee's oral offer of sale made by Graham to Morris at the first conversation. Appellant claims that the letter, signed by Morris individually, can not bind appellant. Under the evidence here we are of the opinion that the jury was warranted in finding that appellant by the letter, accepted the offer. *O. M. Cockrum Co.* v. *Klein* (1905), 165 Ind. 627, 74 N. E. 529; *Wolfe* v. *Pugh* (1885), 101 Ind. 293. This court is without any rightful power to weigh conflicting oral evidence. There is such conflict here on material matters, and there is some evidence to support the verdict; consequently we can not interfere. §20, Art. 1, Constitution of Indiana.

It is contended that the court erred in overruling appellant's motion for judgment on the answers to interrogatories. By answers to interrogatories Nos. 1, 2 and 3, the jury found that the letter of appellant, dated April 28, 1908, was received by appellee, but not until after it had shipped the lumber. Interrogatories Nos. 4 and 5, and answers thereto, are as follows: "Q. 4. If you answer interrogatory No. 1, in the affirmative, state whether or not the plaintiff answered the letter there referred to. A. No. Q. 5. If you answer interrogatory No. 1, in the affirmative state whether or not the plaintiff, at that time, indicated in any way to the defendant that the facts stated in the letter there referred to were not true, and that said letter did not express the relation of the parties to the matter in controversy. A. No." It is contended that this letter of April 28, if not expressing the terms of the contract, became

of binding force on appellee, because of the latter's silence; that after a loss had occurred by reason of the shipment, and after it became impossible to recover from the West Farms Lumber Co., appellee was estopped from denying that the letter did not embrace the terms of the contract. Appellant answered by general denial. No estoppel was pleaded. Such plea is necessary to make such defense available. *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 630, 69 N. E. 1006, 66 L. R. A. 632, and authorities cited. In determining the sufficiency of this motion, we are limited to a consideration of the issues formed by the pleadings. There was no error in overruling the motion. Judgment affirmed.

NOTE.—Reported in 106 N. E. 872. As to what constitutes a sale of personal property, see 94 Am. St. 209. See, also, under (1) 3 Cyc. 348; (2) 35 Cyc. 83, 571; (3) 35 Cyc. 578; 38 Cyc. 1919, 1511; (4) 3 Cyc. 348; (5) 16 Cyc. 806.