## VANDALIA COAL COMPANY v. COAKLEY.

[No. 23,017. Filed February 15, 1916. Rehearing denied April 27, 1916.]

1. MASTER AND SERVANT.—*Coal Mine Employes.—Injuries.—Failure to Provide Places of Refuge.—Averments as to Practicability.—Statutes.*—A complaint for personal injuries to a coal mine employe by reason of the master's failure to provide places of refuge along the single track hauling roads as provided by §8531 Burns 1914, Acts 1905 p. 65, need not aver that it was practical in the operation of the mine to construct such places of refuge, since the statute imposes an absolute duty in that respect. p. 665.

2. PLEADING.—*Complaint.—Averments by Way of Recital.—Sufficiency.*—A complaint is not insufficient on demurrer though it contains immaterial matter and some of its material averments are by way of recital rather than by direct allegation. p. 665.

3. PLEADING.—*Indirect Averments.—Immaterial and Redundant Matter.—Remedy.*—Where a complaint contains immaterial and redundant matter, and some of its material averments are by way of recital, the appropriate remedies are in motions to strike out and to make more specific. p. 665.

4. PLEADING.—*Complaint.—Sufficiency.—Initial Attack on Appeal.*—A complaint sufficient to withstand a demurrer is necessarily sufficient when first assailed on appeal. p. 665.

5. APPEAL.—*Review.—Harmless Error.—Instructions.*—In a coal mine employe's action for injuries caused by the master's failure to provide places of refuge along the hauling track, an instruction informing the jury that plaintiff was entitled to recover on a finding of certain enumerated facts, if erroneous in failing to state the material fact of a finding that plaintiff was compelled to use the hauling track as a footway, was harmless in view of undisputed evidence that he was so compelled to use such track. p. 666.

6. MASTER AND SERVANT.—*Coal Mine Employes.—Injuries.—Failure to Provide Places of Refuge.—Instructions.*—In a coal mine employe's action for injuries caused by the master's failure to provide places of refuge along the hauling track, an instruction stating that plaintiff was entitled to a verdict on a finding of certain enumerated facts, was not erroneous for failure to enumerate a finding that it was practical to provide the places of refuge. p. 666.

7. APPEAL.—*Review.—Incomplete Instructions.*—An instruction stating that plaintiff could not recover unless all the material allegations of the complaint had been proven, was not fatal for failure to point out the complaint's material allegations, since incompleteness in an instruction presents no question of reversible error. p. 666.

8. APPEAL.—*Review. — Instructions. — Misleading Instructions.*—There was no error in an instruction upon plaintiff's duty to prove

the material allegations of the complaint, on the ground that it was misleading in failing to point out what allegations were material, in view of another instruction enumerating all material facts in actual controversy, and if appellant deemed it misleading for such omission it can not complain in the absence of a special request by it to such effect.   p. 666.

9.   APPEAL.—*Review.*—*Refusal of Instructions.*—There was no error in the refusal of requested instructions where, in so far as they were proper, the ground was covered by instructions given.   p. 667.

10.   APPEAL.—*Sufficiency of Evidence.*—*Scope of Review.*—In determining the sufficiency of the evidence to support the verdict, the court on appeal may only consider such direct evidence as is most favorable to appellee, together with such reasonable inferences therefrom as the jury may have rightfully drawn.   p. 667.

11.   MASTER AND SERVANT.—*Coal Mine Employes.*—*Injuries.*— *Failure to Provide Places of Refuge.*—*Evidence.*—*Sufficiency.*— Notwithstanding the space between the ribs of coal on either side of a hauling track was at least twelve feet and the car was only five feet wide, the jury was warranted in finding that defendant had violated its statutory duty in failing to provide any place of refuge, to hold plaintiff's body safe from contact with the car, in view of evidence showing that props supporting the roof were set from eighteen inches to three feet apart in two irregular lines which averaged a distance of twelve to eighteen inches outside the rails of the track, that the car extended nine inches outside the rails, that the space between the ribs of coal and the props was filled with coal and waste material to a height varying from one to five feet, and that there was no clear space of three feet between the props and a passing car, nor any place of refuge within twenty yards of the place of accident.   pp. 667, 669.

12.   MASTER AND SERVANT.—*Coal Mine Employes.*—*Statutory Provisions.*—*Places of Refuge.*—Section 8531 Burns 1914, Acts 1905 p. 65, requiring places of refuge to be provided along single track hauling roads unless there is a clear space of at least three feet between the side of the car and the side of the wall, is to be reasonably interpreted from the standpoint of its purpose to protect miners, and hence where the space between the ribs of coal and the props on either side of the track is obstructed with debris, the artificial wall rather than the natural one must be deemed the one contemplated by the statute, and if no clear space of at least three feet remains it is the master's duty to provide the places of refuge.   p. 669.

From Superior Court of Vigo County; *John E. Cox*, Judge.

Action by Jeremiah J. Coakley against the Vandalia Coal Company. From a judgment for plain-

tiff, the defendant appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

Henry W. Moore and Beasley, Douthitt, Crawford & Beasley, for appellant.

Hamill, Hickey & Evans, for appellee.

MORRIS, C. J.—Action by appellee against appellant, for personal injuries sustained because of alleged violation of a statutory duty. Section 13 of an act approved February 28, 1905, relating, among other things, to the safety of persons employed in coal mines, provides that "On all single track hauling roads wherever hauling is done by power * * * upon which the persons employed in the mine must travel on foot to and from their work, places of refuge must be provided in the side wall, not less than three feet in depth, measuring from side of car, and four feet wide, and not more than twenty yards apart, unless there is a clear space of at least three feet between the side of the car and the side of wall, which space shall be deemed sufficient for the safe passage of men." §8581 Burns 1914, Acts 1905 p. 65.

The first paragraph of complaint, on which the case was tried, alleges that appellant, operated a coal mine; that from the mine shaft there extended for about 1,000 feet south, what was known as the main south entry, which was intersected at its south end by what was known as the fifth entry east, which connected with another called the first entry north, off which was turned a room designated as No. 26, and in which, for a long period of time, appellee was employed by appellant in mining coal; that appellant hauled its coal to the shaft by electric power, over a single track hauling road, located in said main south entry; that the coal was hauled in

cars of specified dimensions; that the road was the passageway used by appellee and other employes in going to and from their places of work, and over which they must have passed on foot, between their places of work and the shaft; that there was in said main south entry no clear space of as much as three feet between the side of the wall and the side of the cars operated on the track, and that appellant negligently, in violation of said statute, failed to provide any place of refuge in the side walls of said entry; that on a specified day appellee had been engaged in his usual work in said room, and, in the evening, was walking therefrom to the shaft, up the main entry south and had reached a point about 400 feet south of the shaft when an electric motor car rapidly approached him from the north and, though appellee tried to get far enough away from the track to avoid injury, he was caught between the side of the moving car and wall of the entry and was seriously injured; that the proximate cause of the injury was the negligent failure of appellant to provide any place of refuge. There is no allegation that it was practical, in the operation of the mine, to construct the places of refuge contemplated by the statute. Appellant's demurrer to the complaint was overruled. The ruling occurred previous to the taking effect of chapter 157, Acts 1911 p. 415, §344 Burns 1914. There was a trial by jury, with verdict and judgment for appellee. The errors here assigned are (1) that the court erred in overruling the demurrer, (2) that the complaint fails to state facts sufficient to constitute a cause of action, and (3) that the court erred in overruling appellant's motion for a new trial.

Appellant earnestly contends that the complaint is defective for failure to aver that it was practicable to provide the places of refuge contemplated

by the statute. We can not accept this view.

1. Other safety provisions of the act have been considered by this court and held as importing an absolute duty. In *Antioch Coal Co.* v. *Rockey* (1907), 169 Ind. 247, 82 N. E. 76, it was contended that the statutory duty to secure loose overhead rocks, etc., only applied where the same was practicable, but it was held that if the securing were impracticable the miners must not be permitted to resume work until the danger should be obviated by removal of the loose rocks, etc. In *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758, the doctrine declared in *Antioch Coal Co.* v. *Rockey, supra,* was followed. We perceive no reason why the statutory duty here considered is not as mandatory in character as those involved in the two cases cited.

Some of the material allegations of the complaint are by way of recital. It is contended that such allegations must be disregarded. Appellant's

2. brief was filed before the enactment of chapter 322, Acts 1913 p. 850, §343a Burns 1914, and before the decision of the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. Under the rule declared in the DeArmey case, and to which we adhere, the complaint is sufficient to repel appellant's demurrer, although it is subject to criticism for the immaterial matter and vain repetitions embraced therein, as well as for its failure to set out directly, rather than indirectly, the material facts on which appellee relied. However, the appropriate remedies for

3. the defects apparent in this complaint are found in motions to make more specific and to strike out redundant matter. As the com-

4. plaint was sufficient on demurrer, it must be sufficient when first assailed here, and con-

sequently we do not further consider appellant's second assignment of error.

Instruction No. 12, given by the court, informed the jury that appellee was entitled to a verdict on a finding of certain enumerated facts. The instruction is assailed for the alleged failure to state the material fact of a finding that appellee was compelled to use the hauling track as a footway. Conceding, without deciding, that such defect exists, it must be held harmless, because the undisputed evidence shows that he was so compelled in walking to and from his work. The instruction is also assailed because it fails to enumerate a finding that it was practical to provide the places of refuge. What we have said in relation to the complaint answers this objection. Other minor objections to this instruction are presented, but we are of the opinion that it enumerates all the material allegations of the complaint with the possible exception above noted, and with the possible exception of another of like character. The giving of the instruction involved no reversible error.

Instruction No. 1, given by the court, informed the jury that the plaintiff could not recover unless all the material allegations of the complaint had been proven, or unless a sufficient number thereof to prove his cause of action had been so established. Instruction No. 2 given by the court, reads as follows: "It is not necessary for the plaintiff to prove more than the material allegations of his complaint Plaintiff is only required to prove by a preponderance of the evidence a sufficient number of the material allegations to prove and establish his cause of action. If plaintiff has alleged immaterial allegations in his complaint, and more material allegations than are

necessary to constitute the cause of action it is not necessary to prove all, providing plaintiff has proven by a preponderance of the evidence a sufficient number of the material allegations to prove and establish his cause of action." It is claimed that said instruction No. 1 is erroneous for failure to point out the complaint's material allegations. Incompleteness in an instruction presents no question of reversible error. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 459, 78 N. E. 1033, and authorities cited. Instruction No. 2 is assailed because it was incomplete in failing to inform the jury what allegations were immaterial, and because thereof misleading. Instruction No. 12 enumerated all material facts in actual controversy. If appellant was of the opinion that the jury might be misled unless the immaterial allegations were pointed out, it can not complain in the absence of a special request by it to such effect. 3 Thompson, Trials §2341. Complaint is made of the failure to give certain instructions requested by appellant. There was no error. In so far as they were proper the ground was covered by instructions given.

It is contended that the evidence does not support the verdict. On such claim this court may only consider such direct evidence as is most favorable to appellee, together with such reasonable inferences from such direct evidence as the jurors may have rightfully drawn. *Peabody-Alwert Coal Co.* v. *Yandell, supra.* There was direct evidence that the main south entry was constructed by cutting out the coal to a width varying from twelve to sixteen feet and a depth of five feet; that at the place of injury there was a space of twelve feet between the coal walls, called ribs; that the roof was of slate, and was supported in most places by wooden props, six to

eight inches in diameter, set generally from eighteen inches to three feet apart in two irregular lines, each of which was of varying distance from the adjoining wall, but these lines averaged a distance of about twelve to eighteen inches outside the rails of the track that was laid between the props. The rails were forty-two inches apart, and the sides of the motor car extended nine inches outside the rails. The center of the track did not follow the center line between the ribs of coal nor that of the center line between the two lines of props, but varied from side to side. In some places the sides of the motor car, in passing, rubbed the adjoining props, and in others the "rib" of the coal on one side was not more than twelve inches from the track. The space between the "ribs" and props was filled with old timbers, "gob", coal and dirt, to a height varying from one foot to five feet; this refuse had been laid up, in some places, so as to form a wall; in others it lay loose, but higher next the rib than at the props. In some places the props were much more than three feet apart. There was no clear space three feet wide between the props and a passing motor car, nor was there any place of refuge provided in the ribs of coal within twenty yards of the place of accident, nor anywhere along the 1,000-foot entry, except at two places. On the east side of the track and twelve inches therefrom was strung a telephone wire, hanging at distances from the roof varying from three to thirty-six inches. On the west side of the track was the trolley wire hanging five inches below the roof, and also a "live" machine wire hanging at a distance from the roof varying from twelve to forty-eight inches. Appellee testified that in walking up the track towards the shaft he heard the approaching motor car, and looked to the front and rear for a place of escape, but could see none; that he then ran

north forty or fifty feet, where he saw the approaching motor and "hollered" at the motorman to stop; that he ran on ten or fifteen feet further, and seeing no place of escape squeezed his body against the adjoining rib of coal, but was caught by the passing motor and seriously injured. When caught he was on the west side of the track. The exact point in the entry where the collision occurred is not made certain by direct evidence. Appellee had used this entry for two years before the accident in going to and from his work.

We are of the opinion that the jury was warranted in finding that for a space of more than twenty yards along the entry south of the place of injury there was no place wide enough on either side of the track to hold appellee's body safe from contact with the passing motor. However, appellant claims that the word "wall" used in the statute must be held as relating only to the "rib" of coal, and, inasmuch as the space between them was at least twelve feet and since the car was only five feet wide there must have been as much as three feet space between one side of the car and its adjoining coal wall; that the action is not for the negligent obstruction of a footway and that the lines of props, electric wires, and walls or piles of rocks, timbers and refuse between the props and coal ribs must be deemed mere obstructions of the "clear space of at least three feet" contemplated by the statute, and originally provided in the construction of the entry. We do not agree with appellant's counsel in their construction of the statute, or the evidence.

The props were set to support the roof when the entry was originally constructed, and were necessary for such purpose. When the intervening space between the lines of props and coal ribs was walled up by appellant with

rocks and old timbers such artificial wall rather than the natural one of coal must be deemed the one contemplated by the statute. The act must be reasonably interpreted, and from the standpoint of the purpose of its enactment. The legislature sought to minister to the safety of miners employed in work inherently dangerous. It does not require the provision of a clear space of three feet. Where, as here, the roof is of slate, such requirement might be impossible of obedience. Appellant in no wise violated the statute in failing to provide such clear space, nor did it violate any statute in walling up a three feet clear space theretofore existing (if it did exist), except that if it chose so to do it then became its duty to provide places of refuge. Counsel for appellant are quite right in asserting that it was not necessary to excavate holes in the coal wall for places of refuge if there was room outside for the places required by the statute. Here, however, there was evidence that warranted the jury in finding that in the vicinity of place of injury there was no place of refuge within or without the coal wall, and consequently the statutory duty was violated.

Appellant asserts error in the admission and rejection of evidence. We have considered the various contentions in such respect, but are of the opinion that no harmful error is disclosed by the record. Judgment affirmed.

NOTE.—Reported in 111 N. E. 426. See under (1) 26 Cyc 1392; (2) 31 Cyc 71, 76; (3) 31 Cyc 637, 644; (5) 4 C. J. 1027, 38 Cyc 1639; (6) 26 Cyc 1491, 1494; (7) 4 C. J. 1032, 38 Cyc 1809; (8) 38 Cyc 1693, 1778; (9) 38 Cyc 1711; (10) 4 C. J. 844, 850, 3 Cyc 348; (11) 26 Cyc 1117, 27 Cyc 747.