## FISHBEIN v. THE PENNSYLVANIA GLASS COMPANY.

[No. 22,930.  Filed February 23, 1916.]

APPEAL.—Review.—Evidence.—Findings.—In determining if there is evidence to support a finding of the trial court, the court on appeal will consider only the evidence, direct and circumstantial, most favorable to appellee, and a finding warranted by the evidence thus considered is conclusive.

From Superior Court of Marion County (89,347); *Joseph Collier,* Judge.

Action by The Pennsylvania Glass Company against Benjamin Fishbein.

From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Earl R. Conder, William A. Pickens* and *Linton A. Cox,* for appellant.

*Thomas D. McGee* and *Edward D. Reardon,* for appellee.

MORRIS, C. J.—Suit on account by appellee, against appellant, for merchandise sold and delivered. Appellee is a corporation doing business at Anderson. Appellant is engaged in mercantile business in Indianapolis. On August 3, 1912, appellee sold appellant a lot of glass caps, wires and rubbers for cans and bottles. On August 10, 1912, it sold to appellant another lot of goods of the same character. The total price of the goods sold was $180. The rubbers were designed to make the caps fit the jars "air tight," and without them the caps were useless. Appellee did not have the rubbers in stock and ordered them shipped direct to appellant from Boston. The caps and wires were shipped from Anderson. Appellee mailed invoices to appellant on August 3 and 10, 1912. The cause was tried in May, 1913, by the court.

It is contended by appellant that there was no evidence to sustain the finding that appellee delivered the rubbers purchased. We must hold otherwise. On such contention we can only regard the evidence, direct and circumstantial, most favorable to appellee. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758. We have considered the evidence on the question presented, but deem it unnecessary to set it out in this opinion. Such consideration impels the conclusion that the

trial court was warranted in inferring that the merchandise in question was delivered to appellant. Judgment affirmed.

NOTE.—Reported in 111 N. E. 613. See, also, 4 C. J. 844; 3 Cyc 360.